## THOMAS v YOUNGSTOWN MUNICIPAL RAILWAY COMPANY

Ohio Appeals, 7th Dist, Mahoning Co

No 2414. Decided April 15, 1938

John Ruffalo, Youngstown, for Plaintiff-Appellant.

Harrington, Huxley & Smith, Youngstown, for Defendant-Appellee.

### OPINION

By CARTER, J.

This cause is before this court on appeal on questions of law. The action below was one for personal injuries claimed to have been sustained due to the alleged negligence of the defendant. The cause came on for trial to the court and jury, resulting in a verdict for plaintiff in the amount of $2,000. The verdict was signed by ten members only. Motion for new trial was filed, which motion was sustained by the trial court and a new trial granted. Appeal is prosecuted to this court.

In the case of Ramsey v Oiler, et al., 133 Oh St 321, the court held that the provisions of amended §12223-2, GC effective August 23, 1937, did not apply in that case. Neither does this amended section have any application to the case at bar, for the reason that the ruling upon the motion for a new trial was entered March 29th, 1937, and the granting of a motion for a new trial is not a final order in the absence of affirmative proof of abuse of discretion on the part of the trial court. See Ramsey v Oiler, et al., supra. The court held in the Ramsey case, supra, that although the granting of a motion for a new trial upon the ground of misconduct of the jury was erroneous, such action on the part of the trial judge did not amount to an abuse of discretion, and therefore there was no final order from which an appeal would lie to the Court of Appeals.

We are unable, under the state of the record, to say that there was an abuse of discretion on the part of the trial judge in the sus'aining of a motion for a new trial in the case; therefore, the appeal must be dismissed. Appeal dismissed and remanded to the lower court for further proceedings according to law.

NICHOLS and BENNETT, JJ, concur.